NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID PAGLIAROLI, | : | |
| | : | Civil Action No. 18-9683 (BRM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| M.D. ABU AHSAN, et al., | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants Steven Johnson and the New Jersey Department of Corrections ("Moving Defendants") seeking to dismiss Plaintiff David Pagliaroli's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 14.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**[1]

Plaintiff is a prisoner confined at New Jersey State Prison. (Compl. (ECF No. 1-2) ¶ 1.) Plaintiff alleges many instances between January 2015 and August 2016 where he sought treatment

---

[1] For the purpose of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

from various members of the medical department at the prison for pain in his lower back. (ECF No. 1-2 ¶¶ 24-90.) His requests were largely ignored, and he only received treatment after more than a year of complaining. (*Id.*) As a result of the medical staff's refusal to properly treat him, Plaintiff's neck and back have deteriorated to the point of causing him permanent painful injury. (*Id.* ¶ 91.)

Plaintiff initially filed his Complaint in state court on November 28, 2017. (ECF No. 1.) He names New Jersey Department of Corrections, Steven Johnson, University Correctional Healthcare ("UCHC"), Rutgers, the State University of New Jersey, Jonathan Gramp, Abu Ahsan, Donique Ivery, Alejandina Sumicad, James Brewin and Lance Carver as defendants. (*Id.*) On May 25, 2018, Moving Defendants, the only defendants who have been served thus far, removed the case to federal court. (*Id.*) Moving Defendants thereafter filed a Motion to Dismiss. (ECF No. 5.) In their Motion, Moving Defendants argue the § 1983 and New Jersey Civil Rights Act ("NJCRA") claims against Defendant Johnson in his official capacity and the DOC must be dismissed because they are not "persons" within the meaning of those statutes. Moving Defendants further argue the § 1983 and NJCRA claims against Defendant Johnson in his individual capacity must be dismissed because Plaintiff fails to state a claim; he was under the care of medical professionals; and *respondeat superior* is an impermissible theory under § 1983 and the NJCRA. They further argue all state tort claims must be dismissed because two years elapsed between the filing of his Notice of Claim and the filing of the Complaint. Moving Defendants next argue the claim for breach of contact to a third-party beneficiary must be dismissed because Plaintiff lacks standing. Moving Defendants contend Plaintiff failed to allege sufficient facts to state a claim for conspiracy. Finally, Moving Defendants argue Plaintiff has failed to allege sufficient facts to support punitive damages.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### III. DECISION

#### A. § 1983 and NJCRA Claims

##### 1. DOC and "Official Capacity"

At the outset, the Court notes Defendants are correct: the New Jersey Department of Corrections is not a "person" under either § 1983 or the NJCRA. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies not subject to suit under § 1983); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (noting state department of corrections and

state prison facilities are not "persons" under § 1983). In an unpublished decision, the Third Circuit has likewise found only "a person acting under color of law," is a proper defendant under the NJCRA. *See Didiano v. Balicki*, 488 F. App'x 634, 638–39 (3d Cir. 2012) (holding the NJDOC is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on § 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity). As such, the § 1983 and NJCRA claims are dismissed with prejudice as to Defendant DOC, as are any claims for monetary damages under § 1983 and NJCRA against Defendant Johnson in his official capacity, as he too is not a "person."[2] *See Will*, 491 U.S. at 71 ("But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself") (internal citations omitted).

### 2. Supervisory Liability

The Complaint is not the picture of clarity; as best the Court can discern, it appears Plaintiff is alleging Defendant Johnson violated his Eighth Amendment rights under § 1983 and the NJCRA based on his role as a supervisor at the prison.[3]

"Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

---

[2] The claims against Defendant Johnson in his official capacity for injunctive relief, however, would still be viable. *See Will*, 491 U.S. at 71, n.10 (a state official sued in their official capacity is considered a "person" for claims under § 1983 only when a plaintiff is seeking injunctive relief.). As discussed below, however, such a distinction is irrelevant here as Plaintiff has failed to state a claim against Defendant Johnson.

[3] Plaintiff also refers to the First, Fifth and Fourteenth Amendments, but it does not appear any of those amendments are implicated based on the facts alleged.

Negligence by governmental actors is insufficient to support a constitutional claim. *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)). Allegations of medical malpractice or disagreement as to proper medical care are insufficient to show deliberate indifference. *Navolio v. Lawrence Cty.*, 406 F. App'x 619, 623 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). A prison official is deliberately indifferent when he "'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Therefore, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

It appears Plaintiff asserts a policy-maker theory of supervisory liability against Defendant Johnson. The Third Circuit in *Barkes v. First Correctional Medical, Inc.* reaffirmed its four-part standard, established in *Sample v. Diecks*, for determining whether an official may be held liable under § 1983 for implementing deficient policies. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015) (citing *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)). Under *Sample*, to find that a supervisor acted with deliberate indifference as a policymaker,

> the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Barkes*, 766 F.3d at 330.

Plaintiff's Complaint relies on formulaic language and does not provide sufficient facts describing the policy or procedure in effect at the time of the alleged injury or how that policy or procedure caused his constitutional injury. He generally refers to cost-saving measures, understaffing and substandard medical personnel, but with no specific facts. Nor has he provided facts to suggest Defendant Johnson was deliberately indifferent to the risk presented by the policy in effect at the time of his alleged injury; instead, again, he merely states in a conclusory manner that Defendant Johnson was deliberately indifferent. Because Plaintiff has not stated a civil rights claim based on deficient policies, these claims are dismissed without prejudice as to Defendant Johnson.

**B. Tort Claims**

Moving Defendants argue the "tort causes of action" against them must be dismissed because two years have elapsed between the time of the accident for which Plaintiff filed his Notice of Claim and the filing of his Complaint in state court.[4] Specifically, Plaintiff filed a Notice of Claim on November 6, 2015 for an occurrence/accident which took place from "12/28/14 to present." (ECF No. 5, Ex. B.) According to Defendants, because Plaintiff did not file his Complaint in state court until November 28, 2017, his tort claims are timebarred. (ECF No. 5 at 16.) *See* N.J.S.A. 59:8-8(b) ("The claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]wo years have elapsed since the accrual of the claim.").

While the Complaint filed by Plaintiff in state court does show a stamp marked "RECEIVED" by Civil Case Management on November 28, 2017, the accompanying cover letter shows a stamp marked "RECEIVED" on October 20, 2017. (Motion, Exhibit B.) The stamp on the cover letter is smudged and, as a result, it is unclear who received the Complaint on October 20, 2017. Nevertheless, in light of these conflicting dates, and Defendants' failure to address this issue, the Motion to Dismiss Plaintiff's "tort claims" is denied without prejudice as to this issue.

**C. Breach of Contract**

In Count Eleven of his Complaint, Plaintiff appears to raise a breach of contract claim against Defendant UCHC and/or Rutgers because the Department of Corrections contracted with them to provide medical services to the prison and they failed to properly do so. Plaintiff believes he can raise such a claim because he is an intended third-party beneficiary of the contract.

Under New Jersey law, a third party may only enforce a contract if it is an intended beneficiary, rather than a mere incidental beneficiary. *See Rieder Comty., Inc. v. Twp. of N.*

---

[4] Moving Defendants do not identify the claims they believe fall into this category.

8

*Brunswick*, 227 N.J. Super. 214, 546 A.2d 563, 566 (App. Div. 1988). To determine whether a third party is an intended beneficiary, New Jersey courts look to whether the contracting parties have expressly intended for the third party to "receive a benefit which might be enforced in the courts." *Airmaster Sales Co. v. N. Bridge Park Co-op, Inc.*, 748 F. Supp. 1110, 1117-18 (D.N.J. 1990). A number of courts in this District have held inmates do not have standing to sue on the contract between prison medical services providers and the State of New Jersey. *See AH v. D.O.C.*, No. 08-2425, 2008 WL 5111274, at *5 (D.N.J. Nov. 25, 2008); *Washington v. Corr. Med. Servs.*, No. 05-3715, 2006 WL 1210522, at *5 (D.N.J. May 1, 2006); *Allmondv. McDowell*, No. 98-3733 (D.N.J. Apr. 16, 2001); *Mann v. Barbo*, No. 00-2215 (D.N.J. July 24, 2001). Other than his conclusory allegation that he is an intended third-party beneficiary (ECF No. 1-2 ¶ 180), Plaintiff has not provided facts in his Complaint to support an argument that the contract between UCHC and/or Rutgers and the State of New Jersey contains language which makes him an intended beneficiary with standing to sue. As a result, to the extent it is even brought against the Moving Defendants, the breach of contract claim is dismissed without prejudice.

**D. Conspiracy**

In Count Twelve of the Complaint, Plaintiff argues Defendants Ahsan, Ivery, Carver, Sumicad, Johnson, Gramp, UCHC, Rutgers and/or John and Jane Does conspired: to violate Plaintiff's rights under § 1983, the NJCRA, the New Jersey Tort Claims Act; to deny him proper medical care; to deprive him of his health; and to harm him as indicated in the Complaint. (ECF No. 1-2 ¶ 200.)

Defendants interpret Plaintiff's allegations to attempt to state a claim under 42 U.S.C. § 1985(3). (Mot. 19-22.) "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive,

directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").

Here, the Complaint is devoid of any facts to suggest a conspiracy amongst the Defendants. Instead, Plaintiff merely states these individuals conspired in a conclusory manner, which is insufficient to state a claim for conspiracy. *See Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)) ("Allegations of conspiracy must provide "some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."') Also fatal to his § 1985(3) claim, Plaintiff fails to allege any facts suggesting racial or class-based animus. *Lake*, 112 F.3d at 685. Consequently, to the extent Plaintiff alleged a claim pursuant to § 1985(3), Defendants' Motion is granted.

**E. Punitive Damages**

Finally, Defendant Johnson seeks dismissal of Plaintiff's demand for punitive damages. Defendant argues "the record is devoid of any facts . . . or evidence indicating he acted with an 'evil motive' or 'callous indifference.'" (*Id.* at 22.) Punitive damages may be warranted on a § 1983 claim if the defendant's actions "involve[ ] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Whether an award of punitive damages is appropriate is a question generally left to the jury. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269-70 (1981).

Here, because the Court has already dismissed the § 1983 claims against Defendant Johnson in his individual capacity, his Motion to Dismiss Plaintiff's request for punitive damages for those claims is moot. *See Minion v. Keystone Amerihealth Caritas*, No. 16-05454, 2018 WL 1535211, at *4 (D.N.J. Mar. 29, 2018).

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's § 1983 and NJCRA claims, breach of contract claim, and request for punitive damages. Defendants' Motion is **DENIED** as to Plaintiff's "tort claims." Plaintiff is granted leave to file an amended complaint to address the deficiencies identified above within thirty days. An appropriate order follows.


Dated: February 28, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**