UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID PAGLIAROLI, | : |
| Plaintiff, | : Civ. No. 18-9683 (GC) (TJB) |
| v. | : |
| M.D. ABU AHSAN, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**GEORGETTE CASTNER, U.S.D.J.**

Plaintiff is a state prisoner proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 26). On July 6, 2021, Defendants Steven Johnson and the New Jersey Department of Corrections (hereinafter the "Moving Defendants") filed a motion for summary judgment. (*See* ECF 40).

Plaintiff did not file a response to the motion for summary judgment. On January 27, 2022, the Honorable Zahid N. Quraishi, who was then assigned this case, filed a notice for call of dismissal pursuant to Local Civil Rule 41.1(a). (*See* ECF 44). On March 9, 2022, Plaintiff opposed Judge Quraishi's notice for call of dismissal stating he had been unable to prosecute this case due to COVID-19, quarantine, hospitalization and his inability to use the law library. (*See* ECF 46). On March 14, 2022, Judge Quraishi gave Plaintiff thirty days in which to file evidence of his quarantine, hospitalization and the law library closure as well as thirty days in which to file a response to Moving Defendants' motion for summary judgment. (*See* ECF 47). On April 1, 2022, Plaintiff filed a response to Judge Quraishi's March 14, 2022 order whereby he stated he has been unable to litigate this case due to heart surgery in September, 2011 and because he

tested positive for COVID on January 15, 2022 and was placed in quarantine. (*See* ECF 48). On April 11, 2022, this matter was reassigned to the undersigned. (*See* ECF 49).

While this Court is sympathetic to the health issues Plaintiff has had to deal with in the past, his most recent filing gives no indication how they are *presently* preventing him from litigating this case. Nevertheless, in the interest of justice, and also because of the recent reassignment of this case to the undersigned, this Court shall give Plaintiff one final opportunity to file a response to Moving Defendants' motion for summary judgment. Should Plaintiff file a response to the motion for summary judgment, Moving Defendants shall have an opportunity to file a reply brief.

Additionally, given Plaintiff's recent filings, this Court will administratively terminate the notice for call of dismissal. Should Plaintiff not file a response to Moving Defendants' motion for summary judgment, this Court shall analyze Moving Defendants' motion without a response given the preference to decide a case on the merits. *Cf.*, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984) (citations omitted).

Therefore, IT IS on this 29th day of April, 2022,

ORDERED that Plaintiff shall have thirty (30) days from the date of this memorandum and order in which to file a response to Moving Defendants' motion for summary judgment (ECF 40); and it is further

ORDERED that if Plaintiff files a response to Moving Defendants' motion for summary judgment that Moving Defendants shall have fourteen (14) days in which to file a reply brief should they elect to do so; and it is further

2

ORDERED that should Plaintiff not file a response to Moving Defendants' motion for summary judgment in the time allotted, this Court shall analyze Moving Defendants' motion for summary judgment; and it is further

ORDERED that the Clerk shall administratively terminate the notice for call of dismissal of this case (ECF 44); and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge

3