**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID PAGLIAROLI, | : | |
| Plaintiff, | : | Civ. No. 18-9683 (GC) (TJB) |
| v. | : | |
| M.D. ABU AHSAN, et al., | : | OPINION |
| Defendants. | : | |

**CASTNER, District Judge**

### I. INTRODUCTION

Plaintiff, David Pagliaroli ("Plaintiff" or "Pagliaroli"), is a state prisoner proceeding *pro se* with an Amended Complaint filed pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). Presently pending is Defendants New Jersey Department of Corrections ("NJDOC") and Administrator of the New Jersey State Prison ("NJSP") Steven Johnson's ("Johnson") (collectively the "Moving Defendants) Motion for Summary Judgment which shall be reinstated by the Clerk for analysis. For the reasons that follow, Moving Defendants' Motion is granted.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This case has an extensive procedural history. Plaintiff initially filed a lengthy Original Complaint in the New Jersey Superior Court, Law Division, Mercer County naming numerous Defendants, including the Moving Defendants. (*See* ECF 1-2). Plaintiff's Original Complaint related to the lack and/or inadequate medical care he received for his back while incarcerated at NJSP.

Moving Defendants removed this case from state court to this Court. (*See* ECF 1). Moving Defendants then filed a Motion to Dismiss. (*See* ECF 5). Prior to Moving Defendants' Motion to Dismiss being ruled upon, the Court ordered that Plaintiff be provided with copies of the United States Marshals Form 285 for the Defendants named in his Original Complaint who had not yet been served.[1] (*See* ECF 18).

Ultimately, the Court granted Moving Defendants' Motion to Dismiss almost in its entirety. To the extent that Plaintiff was bringing 42 U.S.C. § 1983 and NJCRA claims against the NJDOC, the Court noted that it was not a person subject to liability under either statute. *See Pagliaroli v. Ahsan*, No. 18-9683, 2019 WL 979244, at *2 (D.N.J. Feb. 28, 2019). Thus, those claims were dismissed with prejudice. The Court then noted that any monetary damages sought against Defendant Johnson in his official capacity would be dismissed with prejudice as well because he could also not be considered a "person" under § 1983 or NJRCA in his official capacity. *See id.*

The Court then examined Plaintiff's claims against Defendant Johnson in his official capacity for injunctive relief as well as Plaintiff's claims against Defendant Johnson in his individual capacity. As to those claims, the Court noted as follows:

> it appears Plaintiff is alleging Defendant Johnson violated his Eighth Amendment rights under § 1983 and the NJCRA based on his role as a supervisor at the prison.
>
> "Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Negligence by governmental actors is insufficient to support a constitutional claim. *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)). Allegations of medical malpractice or

---

[1] Those yet unserved Defendants named in the Original Complaint were as follows: (1) Abu Ahsan; (2) James Brewin; (3) Lance Carver; (4) Jonathan Gramp; (5) Donique Ivery; Rutgers – The State University of New Jersey; (6) Alejandian Sumirod; and (7) University Correctional Health Care. The United States Marshals Service subsequently indicated that the 285 forms submitted for these named Defendants were incomplete. (*See* ECF 22).

2

disagreement as to proper medical care are insufficient to show deliberate indifference. *Navolio v. Lawrence Cty.*, 406 F. App'x 619, 623 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). A prison official is deliberately indifferent when he "'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Therefore, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

It appears Plaintiff asserts a policy-maker theory of supervisory liability against Defendant Johnson. The Third Circuit in *Barkes v. First Correctional Medical, Inc.* reaffirmed its four-part standard, established in *Sample v. Diecks*, for determining whether an official may be held liable under § 1983 for implementing deficient policies. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015) (citing *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)). Under *Sample*, to find that a supervisor acted with deliberate indifference as a policymaker,

> the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or

3

> procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Barkes*, 766 F.3d at 330.

> Plaintiff's Complaint relies on formulaic language and does not provide sufficient facts describing the policy or procedure in effect at the time of the alleged injury or how that policy or procedure caused his constitutional injury. He generally refers to cost-saving measures, understaffing and substandard medical personnel, but with no specific facts. Nor has he provided facts to suggest Defendant Johnson was deliberately indifferent to the risk presented by the policy in effect at the time of his alleged injury; instead, again, he merely states in a conclusory manner that Defendant Johnson was deliberately indifferent. Because Plaintiff has not stated a civil rights claim based on deficient policies, these claims are dismissed without prejudice as to Defendant Johnson.

*Pagliaroli*, 2019 WL 979244, at *3–4 (footnote omitted). However, the Court permitted Plaintiff's "tort claims" to proceed stating as follows:

> Moving Defendants argue the "tort causes of action" against them must be dismissed because two years have elapsed between the time of the accident for which Plaintiff filed his Notice of Claim and the filing of his Complaint in state court. Specifically, Plaintiff filed a Notice of Claim on November 6, 2015 for an occurrence/accident which took place from "12/28/14 to present." (ECF No. 5, Ex. B.) According to Defendants, because Plaintiff did not file his Complaint in state court until November 28, 2017, his tort claims are timebarred. (ECF No. 5 at 16.) *See* N.J.S.A. 59:8-8(b) ("The claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]wo years have elapsed since the accrual of the claim.").
>
> While the Complaint filed by Plaintiff in state court does show a stamp marked "RECEIVED" by Civil Case Management on November 28, 2017, the accompanying cover letter shows a stamp marked "RECEIVED" on October 20, 2017. (Motion, Exhibit B.) The stamp on the cover letter is smudged and, as a result, it is unclear who received the Complaint on October 20, 2017. Nevertheless, in

4

> light of these conflicting dates, and Defendants' failure to address this issue, the Motion to Dismiss Plaintiff's "tort claims" is denied without prejudice as to this issue.

*Pagliaroli*, 2019 WL 979244, at *4.

Plaintiff subsequently filed an Amended Complaint raising only one claim which is now the operative pleading in this case. (*See* ECF 26). Plaintiff now only alleges Moving Defendants are liable pursuant to 42 U.S.C. § 1983 under the First[2], Eighth and Fourteenth Amendments of the United States Constitution as well as pursuant to the New Jersey State Constitution.

Plaintiff complains about the lack of medical care he has received for his back. (*See id.* at 6-7). Plaintiff states he was in a school bus accident in 1984. (*See id.* at 5). At the time, Plaintiff was told he had a severe sprain in his neck which would cause him neck and lower back pain later in life. (*See* He further alleges as follows:

> It was the practice of Defendants to authorize certain employees and/or their agents over whom they had supervisory authority to inadequately prescribe medication and/or provide inadequate medical care to individuals and cause persons such as Plaintiff to be denied their constitutionally protected right to adequate medical care, denied their constitutionally protected right to due process, denied their constitutionally protected right to life and liberty and denied their constitutionally protected right to be free from cruel and unusual punishment, as guaranteed by the Constitution of the United States of America under the First, Fifth, Eighth and [F]ourteenth Amendments. These practices encouraged and caused constitutional violations by the aforementioned Defendants over whom it had supervisory authority.
>
> Defendants refused to adequately train, direct, supervise, or control the aforementioned Defendants so as to prevent the violation of Plaintiff's constitutional rights.
>
> Defendants polices and procedures in place to lower costs at the expense of providing adequate medical care to prisoners such as Plaintiff, by not implementing adequate safeguards to ensure

---

[2] In his deposition though, Plaintiff admitted he is not suing for retaliation under the First Amendment. (*See* ECF 40-5 at 45). Thus, this Court will presume Plaintiff's claims relate solely to the purported inadequate and/or lack of medical care he has received while incarcerated at NJSP.

5

> prisoner receive the proper medical care and needed diagnostic procedures.

(ECF 26 at 7-8).

Moving Defendants filed an Answer to the Amended Complaint. (*See* ECF 27). Moving Defendants raised as one of their affirmative defenses that Plaintiff's Amended Complaint failed to state a claim against them upon which relief may be granted. (*See* ECF 27 at 8). The matter then moved forward into discovery. At the close of discovery, Moving Defendants filed a Motion for Summary Judgment. (*See* ECF 40). The case was then listed for possible dismissal pursuant to Local Civil Rule 41.1.(a) and Moving Defendants' Motion for Summary Judgment was administratively terminated. Plaintiff then responded to the Court's notice for possible call of dismissal. (*See* ECF 46).

This matter was reassigned to the undersigned on April 11, 2022. (*See* ECF 49). Subsequently, the Court administratively terminated the notice for possible call of dismissal and gave Plaintiff additional time in which to file a response to Moving Defendants' Motion for Summary Judgment. (*See* ECF 50). Plaintiff subsequently filed his Response in Opposition to Moving Defendants' Motion for Summary Judgment (ECF 50) and Moving Defendants filed a Reply in Support of their Motion. (*See* ECF 52).

Given that Moving Defendants' Motion is now fully briefed, the Clerk will be ordered to reinstate Moving Defendants' Motion. As outlined above, Plaintiff's Amended Complaint brings one claim pursuant to 42 U.S.C. § 1983 and the New Jersey State Constitution. Presumably then, Plaintiff's claims under the New Jersey State Constitution are brought pursuant to the NJCRA, which tracks § 1983. *See Pagliaroli v. New Jersey Dep't of Corr.*, No. 18-12412, 2020 WL 1272121, at *6 n.11 (D.N.J. March 17, 2020) (citations omitted).

## III. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *See Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50). "If reasonable minds could differ as to the

import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

## IV. DISCUSSION

### A. NJDOC

To the extent that the NJDOC seeks summary judgment, such judgment is unnecessary. This Court previously dismissed Plaintiff's § 1983 and NJCRA claims against it with prejudice. Plaintiff cannot proceed on such claims against the NJDOC for the reasons previously outlined by this Court in this and its other Opinions/Orders.

### B. Johnson – Official Capacity for Monetary Damages

Similarly, this Court dismissed Plaintiff's claims for monetary damages against Johnson in his official capacity with prejudice. Thus, Plaintiff cannot proceed on his § 1983 and NJCRA claims against Johnson for monetary damages in his official capacity.

### C. Johnson – Individual Capacity

Given this Court's previous rulings, what remains outstanding related to the Moving Defendants is Plaintiff's inadequate medical care claims against Johnson for monetary damages in his individual capacity as well as his claims for injunctive relief. The Court construes Plaintiff's claims against Johnson in his role as supervisor at NJSP. However, "supervisory officials who do not participate in individual medical care decisions," and "simply fail[ ] to intervene in . . . medical care . . . [are] not viable under the Eighth Amendment." *Stewart v. Pennsylvania Dep't of Corr.*,

677 F. App'x 816, 819 (3d Cir. 2017) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.")). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 236.

Thus, medical grievances to a non-medical prison official when the prisoner is being treated by a prison doctor will not subject the non-medical prison official to liability under § 1983. *Id.* (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)); *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003) (analyzing Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar Eighth Amendment claims).

Included with Moving Defendants' Motion were Plaintiff's grievances. None of the grievances indicate that Plaintiff made Johnson aware of his issues. Furthermore, as outlined above, even if they did, such actions would not make Johnson liable under § 1983 or the NJCRA. Furthermore, Plaintiff testified at his deposition that he never spoke to Johnson directly about his complaints. (*See* ECF 40-5 at 45). Additionally, Plaintiff indicated he was getting treatment, albeit, perhaps not the treatment he precisely wanted. Indeed, during his deposition, Plaintiff admitted that correctional officers made sure whenever Plaintiff asked to be sent to medical, they made sure he got down to see medical staff. (*See* ECF 40-5 at 45).

Nothing in Plaintiff's opposition to Moving Defendants' motion creates a genuine issue of fact on these points. Indeed, Plaintiff relies on the Rule 12(b)(6) standard in opposing Defendants' motion, but, based on this record, there are no genuine issues of material fact outstanding that

9

would potentially make Johnson liable under § 1983. Accordingly, Johnson is entitled to summary judgment.

Johnson is also entitled to summary judgment for an additional reason. Plaintiff's claims against Johnson appear premised on his role as a supervisor at NJSP. Supervisory liability in a § 1983 action must be predicated upon personal involvement, not *respondeat superior*. *See Brown v. Deparlos*, 492 F. App'x 211, 214–15 (3d Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). There are two theories of supervisory liability applicable to § 1983 claims; they are: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.' " *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Del. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). With respect to the second theory of liability, the plaintiff must show that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

As noted above, there is nothing in this record to indicate that Johnson was personally involved in any purported violation of Plaintiff's rights. Furthermore, there are no genuine issues of material fact outstanding in this record regarding the second theory of possible supervisory

liability given the absence of facts indicating Johnson's awareness that a risk was created and that he was indifferent to that risk. Thus, Johnson is entitled to summary judgment in this case.

## V. CONCLUSION

For the foregoing reasons, Moving Defendants' reinstated Motion for Summary Judgment is granted. An appropriate Order will be entered.

DATED: May 31, 2023

_____
GEORGETTE CASTNER
United States District Judge