UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID PAGLIAROLI, | Civil Action No. 18-9683 (RK-TJB) |
| Plaintiff, | |
| v. | OPINION |
| M.D. ABU AHSAN, et al., | |
| Defendants. | |

This matter has been opened to the Court by a motion to dismiss brought by Defendants Abu Ashan, M.D. ("Dr. Ashan"), Donique Ivery, APN ("Nurse Ivery"), and James Brewin, APN ("Nurse Brewin") (collectively the "Individual Medical Defendants"), and a motion to dismiss brought by Rutgers, the State University of New Jersey, and University Correctional Healthcare (collectively "Rutgers UCHC"). (ECF Nos. 79, 92.) Rutgers UCHC and the Individual Medical Defendants seek dismissal of Plaintiff David Pagliaroli's ("Plaintiff's") Amended Complaint, which he brings pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). (ECF No. 79.) For the reasons explained in this Opinion, the Court grants the motions to dismiss the Amended Complaint and provides Plaintiff with a final opportunity to submit a second amended complaint as to Rutgers UCHC and the Individual Medical Defendants.

I.     **PROCEDURAL HISTORY & THE AMENDED COMPLAINT**

    a. **Procedural History**

Plaintiff filed his original complaint in the Superior Court of New Jersey, Law Division, Mercer County on or about November 28, 2017. In the original complaint, Plaintiff brought civil rights claims and state law tort and contract claims arising from alleged inadequate medical care for his back and neck pain during the period from January 2015 through August 2016. (*See*

Generally Original Complaint.) Plaintiff asserted claims against the Individual Medical Defendant (Ashan, Ivery, and Brewin) and Rutgers UCHC; Plaintiff also named Alexjandina Sumicad, Lance Carver, Steven Johnson, Johnathan Gramp, the New Jersey Department of Corrections ("NJDOC"), and John Does 1-30. (*See id.*)

On May 25, 2018, Johnson and the NJDOC (collectively "the State Defendants") removed this matter to federal court; counsel for State Defendants averred that "no other Defendant has been properly served with a summons and a copy of the Complaint." (ECF No. 1, Notice of Removal at ¶ 8.) The State Defendants moved to dismiss the original complaint on July 19, 2018. (ECF No. 5.)

On July 26, 2018, Plaintiff sought to have the NJDOC provide the U.S. Marshals with addresses for the other Defendants who had not yet been served. (ECF No. 7.) On January 17, 2019, the Magistrate Judge granted Plaintiff's request to have the U.S. Marshals serve his Complaint and directed the Clerk's Office to send Plaintiff the U.S.M. forms. (ECF Nos. 18; *see also* ECF Nos. 19-22.) The Magistrate Judge also directed Plaintiff to "notify the Court" by February 8, 2019, if he did not have the information he needed to fill out the forms. Plaintiff did not notify the Court as instructed; instead, Plaintiff returned the forms on or about February 13, 2019, but he did not provide the addresses for the unserved Defendants. (ECF No. 22.)

On February 28, 2019, the District Court granted in part and denied in part the motion to dismiss as to the State Defendants. The District Court granted the motion to dismiss as to Plaintiff's §1983 and NJCRA claims, breach of contract claim, and request for punitive damages and denied the Motion as to Plaintiff's "tort claims" and provided Plaintiff with leave to submit an Amended Complaint within 30 days. (ECF Nos. 23-24.)

Plaintiff did not file an amended complaint, and, approximately four months later, on July 1, 2019, the Magistrate Judge issued a Letter Order notifying Plaintiff that his case would be dismissed if he did not submit an amended complaint on or before July 19, 2019. (ECF No. 25.) The Magistrate Judge further "directed [Plaintiff] to file an Amended Complaint that includes his remaining allegations in one document that is complete in and of itself. . . . In other words, every remaining allegation Plaintiff intends to pursue must be set forth in his Amended Complaint." (ECF No. 25.)

On July 19, 2019, Plaintiff submitted an Amended Complaint, which names the same Defendants as his original complaint. (ECF No. 26.) On November 12, 2019, the State Defendants filed their Answer. (ECF No. 27.) On July 26, 2021, the State Defendants filed a motion for summary judgment. (ECF No. 40.) Plaintiff did not file a response to the motion for summary judgment.

On January 27, 2021, the Court issued a notice of call for dismissal and terminated the motion for summary judgment pending resolution of the notice of call for dismissal. (ECF Nos. 44-45.) Plaintiff responded to the notice of call for dismissal, citing the COVID-19 pandemic and other health concerns as reasons for failing to serve the remaining Defendants. (ECF No. 46-48.)

On April 29, 2022, the Court provided Plaintiff with an additional 30 days to submit his opposition to the motion for summary judgment. (ECF No. 50.) Plaintiff submitted his opposition brief on June 2, 2022, and the State Defendants submitted a reply brief on the same date. (ECF Nos. 51-52.) On May 31, 2022, the Court reinstated and granted the State Defendants' summary judgment motion. (ECF Nos. 56-57.)

On June 21, 2023, the Court issued another Order to Show Cause directing Plaintiff to show cause as to why the matter should not be dismissed for failure to serve the remaining

Defendants. (ECF No. 58.) Plaintiff responded to the Order to Show Cause and stated generally that the Defendants were "ducking service" and "changing locations." (ECF No. 60.) Plaintiff cited COVID-19 related closures of the law library, and his health concerns, which included an open heart surgery. (ECF No. 60 at 1-2.)

Thereafter, on September 21, 2023, the Magistrate Judge instructed the Clerk of the Court to send Plaintiff the USM forms for serving the remaining Defendants. (ECF No. 61.) Dr. Ashan was served on December 13, 2023. (ECF No. 69.) Nurse Ivery and Nurse Brewin were served on January 5, 2024. (ECF Nos. 71-72.) Rutgers and UCHC were each served on March 27, 2023 (ECF Nos. 87-89.) The Individual Medical Defendants and Rutgers UCHC have the same counsel.

According to the USMS, Defendant Carver has been deceased as of August 20, 2020, Defendant Sumicad retired from the New Jersey Department of Corrections on February 1, 2022, and Defendant Gramp no longer works for the NJDOC. (ECF Nos. 73-74, 70.)

On February 23, 2024, the Individual Medical Defendants moved to dismiss the Amended Complaint. (ECF No. 79) On March 12, 2024, Plaintiff submitted his opposition brief. (ECF No. 82.) On March 18, 2024, the Individual Medical Defendants submitted their reply brief. (ECF No. 86.)

On April 29, 2024, Rutgers UCHC moved to dismiss the Amended Complaint. (ECF No. 92.) On May 9, 2024, Plaintiff submitted his opposition brief. (ECF No. 93.) On May 24, 2024, Rutgers UCHC submitted a reply brief. (ECF No. 94.) Plaintiff also filed a sur-reply brief on June 17, 2024. (ECF No. 96.)

This matter was transferred to the undersigned on June 14, 2024. (ECF No. 95.) The Court addresses the motions to dismiss Plaintiff's Amended Complaint brought by the Individual Medical Defendants and Rutgers UCHC and the outstanding service issues.

### b. The Amended Complaint

The Amended Complaint alleges that Plaintiff is "the victim of a standard policy, practice, or custom of retaliation by rogue correctional officers against any inmate that is involved in constitutionally protected activity, and in particular demanding appropriate medical care and attention for serious medical needs." (Amended Complaint ("Am. Compl.") at ¶ 16.) Plaintiff does not name any of the corrections officers as defendants. The Amended Complaint also alleges that "Plaintiff will demonstrate a pattern of retaliation . . . by the medical department at the New Jersey State Prison," and contends that the retaliation consists of the denial of "prescribed medical care and attention." (*Id.* at ¶¶ 19-20.)

Plaintiff also contends that he has filed grievances about the "wrongdoing" and has exhausted his administrative remedies, and he claims that his grievances have "routinely been denied without reasonable consideration or investigation." (*Id.* at ¶ 27.) Plaintiff alleges that the grievance system is "fundamentally unfair" and does not protect the constitutional rights of inmates. (*Id.*)

Plaintiff further alleges that he has addressed his concerns and complaints to all the Defendants named in the Amended Complaint, including Dr. Ashan, Nurse Ivery, Nurse Brewin, and Rutgers UCHC but his complaints were "largely ignored and never meaningfully investigated by these defendants" (*Id.* at ¶¶ 28-29.)

According to the Amended Complaint, Plaintiff filed this lawsuit because he was "left with no other option." (*Id.* at ¶ 30.) Allegedly in response to this lawsuit, "the Defendants have sought to deny the Plaintiff adequate, appropriate prescribed medical care, treatment and attention, and have retaliated against the Plaintiff for his pursuit of grievances and demanding compliance with prescribed medical care, treatment and attention." (*Id.* at ¶ 31.) Plaintiff further alleges that

5

"[t]he Defendants have also retaliated against Plaintiff for filing grievances concerning the denial of prescribed medical care[,]" which has allegedly caused Plaintiff to suffer "extreme physical pain and suffering, emotional and monetary damages." (*Id.* at ¶ 32-33.)

The Amended Complaint next alleges that Plaintiff was in a serious school bus accident in 1984, and that Plaintiff's doctor informed him that he suffered severe neck and lower back sprains, which would cause him pain later in life. (*Id.* at ¶¶ 34-35.) Plaintiff is now in his forties and has allegedly been experiencing "problems in his neck and back for several years." (*Id.* at ¶ 36.) Plaintiff injured his neck again in 2008, and the medical department at New Jersey State Prison did not treat that injury until 2009, when he received surgery to fuse several vertebrae. (*Id.* at ¶¶ 38-38.) The surgery failed, however, and in 2010, Plaintiff had a second surgery to fuse the C6 and C7 vertebrae, which had failed to fuse. (*Id.* at ¶ 39.) The second surgery also failed, resulting in a third surgery in 2011. (*Id.* at ¶ 39.)

Plaintiff alleges that he presently has lower back pain and that "this has been brought up to medical staff for many years, but over the past several years his pleas have gone largely unanswered, culminating in this action." (*Id.* at ¶ 40.) According to the Amended Complaint, "[f]rom 2011 to this date, Plaintiff was seen by Defendant Sumicad, Carver, Adams, Ivery, Brewin, [and] Dr. Pizzi, and voiced his concerns about the deliberate indifference to his serious medical needs", but his "demands were ignored or treated with deliberate indifference." (*Id.* at ¶¶ 41-42.)

Plaintiff alleges that [d]ue to the deliberate indifference by Defendants from 2001 to this day[,] Plaintiff is in constant pain and suffers on a daily basis." (*Id.* at ¶ 44.) Plaintiff alleges he "still has a foot drop, a lot of pain in his lower back and stinging all over his legs." Due to the lack of treatment, Plaintiff's alleges that his "neck and back are so deteriorated as to cause extreme pain on a daily basis" and that he has "incurred permanent injury." (*Id.* at ¶¶ 45-46.) Plaintiff alleges

that "[D]efendants owed a duty to Plaintiff to provide him with reasonable health care" and that "Defendants each had personal involvement in the wrongs enumerated in the complaint through personal direction and/or actual knowledge and acquiescence as described [in the Amended Complaint]." (*Id.* at ¶¶ 48-49.)

According to the Amended Complaint,

> [i]t was the practice of Defendants to authorize certain employees and/or their agents over whom they had supervisory authority to inadequately prescribe medications and/or provide inadequate medical care to individuals and cause persons such as Plaintiff to be denied their constitutionally protected right to adequate medical care, denied their constitutionally protected right to due process, denied their constitutionally protected right to life and liberty and denied their constitutionally protected right to be free from cruel and unusual punishment[.]

(*Id.* at ¶ 50.) Plaintiff further contends that "Defendants refused to adequately train, direct, supervise, or control the aforementioned Defendants to prevent the violations of Plaintiff's constitutional rights. (*Id.* at ¶ 51.) Plaintiff alleges that "Defendants [sic] policies and procedures in place to lower costs at the expense of providing adequate medical care to prisoners such as Plaintiff" and failed to implement "adequate safeguards to ensure" that prisoners receive "proper medical care and needed diagnostic procedures." (*Id.* at ¶ 52.) Plaintiff contends that he has "suffered severe and permanent injuries" and has been "forced to endure extreme pain, suffering, emotional distress, and mental anguish."

In Count One of his Amended Complaint, Plaintiff alleges that the actions of all Defendants violates his rights under the First and Fourteenth Amendments and violate 42 U.S.C. § 1983. (*Id.* at ¶¶ 54-57.) Earlier in the Amended Complaint, Plaintiff alleges that he raises claims under 42 U.S.C. § 1983 and the NJCRA for purported violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments and the Equal Protection Clause. (*Id.* at ¶¶ 1, 20-21.)

## II. **STANDARD OF REVIEW**

In resolving a motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

"A court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675, (2009)). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (citing *Iqbal* 556 U.S. at 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 679).

As a pro se litigant, Plaintiff is entitled to liberal construction of his complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), however, a pro se pleading still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "A claim has facial

8

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### III. DISCUSSION

From the outset, the Court reads Plaintiff's Amended Complaint to raise claims under 42 U.S.C. § 1983 and the NJCRA only,[1] and does not construe the Amended Complaint to raise any other state law claims.[2] The Individual Medical Defendants and Rutgers UCHC argue that the Amended Complaint fails to state any claims for relief against them under § 1983 or the NJCRA. The Court agrees and addresses each set of Defendants separately.

#### a. The Amended Complaint Fails to State any § 1983 or NJCRA claims against the Individual Medical Defendants

The Court begins with the Eighth Amendment deliberate indifference claims against Dr. Ashan, Nurse Ivery, and Nurse Brewin. In *Estelle v. Gamble*, the Supreme Court held that the Eighth Amendment's Cruel and Unusual Punishments Clause prohibits government officials from exhibiting "deliberate indifference to [the] serious medical needs of prisoners." 429 U.S. 97, 104–05 (1976). In *Farmer v. Brennan*, the Court clarified that "a prison official violates the Eighth Amendment only when two requirements are met." 511 U.S. 825, 834 (1994). First, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (citation omitted). Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind'"—i.e., "deliberate indifference." *Id.* (citations omitted). Thus, in order to

---

[1] The NJCRA protects federal rights and substantive rights under New Jersey's Constitution. *See Gormley v. Wood-El*, 218 N.J. 72, 97 (2014) ("Section 1983 applies only to deprivations of federal rights, whereas N.J.S.A. 10:6-1 to -2 applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws."). The NJCRA is typically treated as the state court analog to § 1983. Here, the Court considers them together.

[2] The Magistrate Judge clearly informed Plaintiff that he should allege all claims he wished to bring in a single Complaint, but Plaintiff did not reassert any of the state law claims asserted in his original complaint.

sustain an Eighth Amendment claim under 42 U.S.C. § 1983, a plaintiff must make (2) an objective showing that "[his or her medical] needs were serious" and (2) a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Here, Plaintiff contends that he was in a serious bus accident in 1984 and had three spinal surgeries that occurred between 2008-2011.[3] Plaintiff alleges that he presently has "a foot drop, a lot of pain in his lower back and stinging all over his legs", contends that his "neck and back are so deteriorated as to cause extreme pain on a daily basis", and that he has "incurred permanent injury." These allegations are sufficient to show that he has a serious medical need.

Plaintiff, however, has not pleaded sufficient facts to suggest that Dr. Ashan, Nurse Ivery, and/or Nurse Brewin acted with deliberate indifference to his need for medical treatment. "Indifference to a substantial risk of serious harm is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, or a denial of reasonable requests for treatment that leads to suffering or risk of injury." *Durham v. Kelley*, 82 F.4th 217, 230 (3d Cir. 2023). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Plaintiff alleges only that he was treated by Nurse Ivery and Nurse Brewin from 2011 onward and that his "pleas" for treatment have gone "largely unanswered" by Defendants. Plaintiff

---

[3] The Court does not construe Plaintiff to allege deliberate indifference claims arising from the delay in providing these surgeries, and any such claims would be plainly time barred under the two-year limitations period for civil rights claims. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (finding that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14–2, governs claims under section 1983).

generally asserts that the Defendants acted with deliberate indifference to his serious medical needs, but these conclusory allegations of deliberate indifference are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.")

Moreover, Plaintiff does not differentiate among the Defendants and has not provided any well-pleaded facts about the types of treatment or medications that Dr. Ashan, Nurse Ivery, and/or Nurse Brewin failed to provide him for his foot drop, his lower back pain, and/or the stinging in his legs. Thus, Plaintiff fails to provide sufficient facts from which the Court could find that Dr. Ashan, Nurse Ivery, and/or Nurse Brewin intentionally or recklessly refused to provide him with needed medical care, delayed specific medical treatment for nonmedical reasons, or denied him prescribed medical treatments or reasonable requests for medical treatment. The Court grants the Individual Medical Providers' motion to dismiss the Eighth Amendment deliberate indifference and NJCRA claims arising from the denial of adequate medical care.

Plaintiff also alleges violations of the First, Fifth, and Fourteenth Amendments, and the Equal Protection Clause. Plaintiff fails to state a claim for relief against the Individual Medical Defendants as to each of these claims.

Plaintiff appears to contend in the Amended Complaint that rogue correctional officers and the medical department retaliated against him for filing grievances by denying him medical care. In order to state a claim for First Amendment retaliation, Plaintiff must allege facts showing that "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Although grievances are protected activity and the denial of medical care can be an adverse action, Plaintiff fails to provide any well-pleaded facts to suggest that Dr. Ashan, Nurse Ivery, or Nurse Brewin denied him needed medical care or that his grievances were a substantial motivating factor in that alleged denial of medical care. The Court therefore grants the Individual Medical Defendants' motion to dismiss the First Amendment retaliation claims brought under § 1983 and the NJCRA.

Plaintiff also provides no facts to support Fifth or Fourteenth Amendment violations or violations of his equal protection rights. The Fifth Amendment is inapplicable here because it applies only to federal actors. *See Bamont v. Pennsylvania Society for the Prevention of Cruelty to Animals*, 163 F.Supp.3d 138, 150 (E.D. Pa. 2016) (citing *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)). To the extent Plaintiff claims that the denial of adequate medical care violates his rights to substantive due process under the Fourteenth Amendment, "the more-specific-provision rule" bars that claim. *See Beenick v. LeFebvre*, 684 F. App'x. 200, 205 (3d Cir. 2017). "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir.2010) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998)). To state a claim for an Equal Protection Clause violation, "a plaintiff must show that (1) compared with others similarly situated he was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Cash v. Wetzel*, 8 F.Supp.3d 644, 664 (E.D. Pa., 2014). The Amended Complaint merely mentions the

Equal Protection Clause and does not set forth facts as to any elements of an equal protection claim. For these reasons the Court grants the motion to dismiss these claims as to the Individual Medical Defendants.

### b. Plaintiff Fails to State any § 1983 or NJCRA claims Under *Monell*

Rutgers UCHC also moves to dismiss the Amended Complaint. Plaintiff alleges that the medical department at NJSP has a pattern or practice of denying medical care to inmates at NJSP in retaliation for their filing of grievances or complaints about the inadequacy of their medical care. Plaintiff also alleges that there is a policy or practice of denying medical care to save money and that Defendants failed to train and supervise medical staff. The Court construes Plaintiff to allege these claims against Rutgers UCHC, which is the medical provider at NJSP.

It is well established that entities like Rutgers UCHC, which provide healthcare services for the state pursuant to a contract, "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, a plaintiff must plead the elements of a *Monell* claim, which may proceed in two different ways. *See, e.g., Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019) (describing the two types of municipal liability). A plaintiff may allege that an unconstitutional policy or custom of the municipality led to his or her injuries, *id.* at 798 (citing *Monell*, 436 U.S. at 694), or that his injuries were caused by a failure or inadequacy by the municipality that "reflects a deliberate or conscious choice," *see id.* (internal quotation marks omitted) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)); *see also Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (explaining that the second type of *Monell* claim involve a failure to train, supervise, or discipline).

Under the first approach, Plaintiff must allege facts showing that there is a relevant policy or custom adopted by Rutgers UCHC and that the policy or custom resulted in the alleged constitutional violation(s). *See Natale*, 318 F.3d at 583-84 (citing *Bd. of Cnty. Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)); *see also Forrest*, 930 F.3d at 105 ("a plaintiff presenting an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject"). Once a policy or custom is identified, a plaintiff must also allege facts stating a plausible connection between the policy and the alleged constitutional harm. *See Palakovic v. Wetzel* 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue."). Finally, to proceed on a *Monell* theory, a plaintiff must typically allege a pattern of similar past conduct to show that the entity was on notice that the policy or custom caused the alleged violation. *See, e.g., Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021) (affirming dismissal of *Monell* claim where Plaintiff did not sufficiently allege that County hospital had a history of providing inadequate care to nursing home residents after they fall or was otherwise indifferent to their post-fall medical needs and failed to allege a pattern of prior incidents evidencing deliberate indifference). Alternatively, Plaintiff could state a *Monell* claim against Rutgers UCHC by alleging a failure to supervise, train, or discipline, and he must provide facts showing that the failure amounts to deliberate indifference to the constitutional rights of those affected. *Forrest*, 930 F.3d at 106.

Here, Plaintiff's threadbare allegations that "Defendants" have a policy or custom of providing inadequate medical care to inmates and failed to supervise and train medical staff are conclusory and fail to state a claim for relief. Although the denial of medical care based on a non-medical factor, such as cost, may violate the Eighth Amendment, *see Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674 (3d Cir. 2011); *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987), a "naked assertion" that defendants considered cost in making a medical decision is insufficient to state a claim for a violation of the Eighth Amendment, "as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Winslow*, 406 F. App'x at 674 (citing *Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997)). Plaintiff's unsupported statement that he was denied unspecified medical care to lower costs, without more, does not state a *Monell* claim against Rutgers UCHC. *See Sims v. Wexford Health Sources*, 635 F. App'x. 16, 20 (3d Cir. 2015) (affirming dismissal of § 1983 claims based on conclusory allegations that the medical provider had a policy, practice or custom of denying medical care to save money). For these reasons, the Court grants the motion to dismiss the Amended Complaint brought by Rutgers UCHC.

### c. The Extensive Delay in Serving the Complaint & the Remaining Unserved Defendants

In their motion to dismiss, the Individual Medical Defendants also state that they are "now being called to defend against claims raised against them by Plaintiff more than six years ago but with which they were only just served." (*See* ECF No. 79-1 at 1.) Rule 4(m) provides that a District Court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. *See* Fed. R. Civ. P. 4(m). A District Court must extend the time for service where a plaintiff demonstrates good cause for

the failure to timely serve a defendant. *See Drayton v. Monmouth Cnty. Correctional Institution Sheriff's Department*, No. 19-22113, 2022 WL 657637, at *3 (D.N.J. Mar. 4, 2022) (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). "If . . . good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

In this action, Plaintiff was provided several opportunities to serve the Individual Medical Defendants and Rutgers UCHC. Neither the District Court nor the Magistrate Judge determined, however, that Plaintiff had established good cause for failing to serve the Medical Defendants within the time provided by Rule 4m. Although the Individual Medical Defendants appear to raise the long delay in service as a defense to the Amended Complaint, they have not adequately briefed whether they are entitled to dismissal of the Amended Complaint on the basis of late service under Fed. R. Civ. P. 4m. To the extent they ask the Court to dismiss the Amended Complaint on that basis, under Federal Rule of Civil Procedure 12(b)(5), or otherwise, the Court denies this request without prejudice due to inadequate briefing and in light of the fact that the Amended Complaint also fails to state a claim for relief. If Plaintiff elects to file a second amended complaint, Defendants are free to renew this argument, if appropriate, with adequate briefing.[4]

---

[4] If a defense under Rule 12 (except for lack of subject matter jurisdiction) is not raised in an initial responsive pleading, the defense is deemed waived. Fed. R. Civ. P. 12(h)(1)(B)(ii). *See also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 193-196 (3d Cir. 1998)(holding that defense of insufficient service of process is waived if objections are not raised in the answer or pre-answer motion). Here, the Individual Moving Defendants raise the issue of the delay in service (and Rutgers UCHC joined their motion), but they have not appropriately briefed the issue. As such, the Court does not consider the defense waived.

The Court also notifies Plaintiff it intends to dismiss Defendants Carver, Sumicad, and Gramp under Fed. R. Civ. P. 4m, as these individuals remain unserved more than six years after this action was removed to federal court. The Court has provided Plaintiff with ample opportunity to serve Defendants Carver (who appears to be deceased), Sumicad, and Gramp. Within 30 days, the Court will dismiss the Amended Complaint without prejudice as to these individual Defendants pursuant to Fed. R. Civ. P. 4m. Within 30 days, the Court will also dismiss without prejudice John and Jane Does 1-30 under Fed. R. Civ. P. 4m.[5]

### d. Leave to Amend

Courts must generally grant leave to amend before dismissing a civil rights action if curative amendment is conceivable. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Consistent with that directive, Plaintiff may submit a second amended complaint as to Dr. Ashan, Nurse Ivery, Nurse Brewin, and/or Rutgers UCHC within 30 days if he can cure the deficiencies in his federal claims for relief. If Plaintiff does not submit a second amended complaint within that timeframe, the dismissals against Dr. Ashan, Nurse Ivery, Nurse Brewin, and Rutgers UCHC will automatically convert to dismissals with prejudice.

---

[5] In addition to the service issues, these Defendants are also improperly pleaded under New Jersey's fictitious party rule, which requires the plaintiff to exercise due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3d Cir. 2004) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 299 A.2d 394, 396 (1973)). The fictitious name designation also must also include "an appropriate description sufficient to identify" the defendant. *Id.* (quoting *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 506 A.2d 1302, 1306-07 (1986)). Here, the John and Jane Does 1-30 are improperly pleaded because these Defendants are not sufficiently described or differentiated as required by the fictitious defendant rule.

## IV. **CONCLUSION**

For the reasons explained in this Opinion, the motions to dismiss brought by the Individual Medical Defendants and Rutgers UCHC are granted. Plaintiff may submit a second amended complaint as to Dr. Ashan, Nurse Ivery, Nurse Brewin, and Rutgers UCHC within 30 days. The dismissals of the Individual Medical Defendants and Rutgers UCHC shall automatically convert to dismissals with prejudice once that 30-day period expires. Plaintiff is also notified that the Court intends to dismiss without prejudice Defendants Carver, Sumicad, Gramp, and John and Jane Does 1-30 for failure to serve under the time provided by Fed. R. Civ. P. 4m and shall enter those dismissals in 30 days. An appropriate Order follows.

_____
Robert Kirsch
United States District Judge